IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Revolutions Medical Corporation, | ) | |
| | ) | C/A No. 2:07-3711-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Jerard Viverito and Jerry V Consulting, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Revolutions Medical Corporation brought this action in state court on October 9, 2007, alleging that Defendants Jerard Viverito and Jerry V Consulting failed to provide consulting and marketing services in accordance with an agreement entered into between the parties on or about April 30, 2007.  Defendants removed the action to this court on November 13, 2007.

The April 30, 2007 agreement contained a forum selection clause providing that:

***Governing Law***

10.  This Agreement shall be construed under and in accordance with the laws of . . . Norfolk County, Ma. and all obligations of the parties created under it are performed in Norfolk County, Ma. In any controversy arising out of this Agreement, venue for said proceeding shall be in Norfolk County, Ma.

On November 14, 2007, Defendants moved pursuant to 28 U.S.C. § 1404(a) to transfer the within case to the District of Massachusetts.  The court granted Defendants' motion by order filed July 24, 2008.

This matter now is before the court on motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b), which motion was filed by Plaintiff on August 4, 2008.  Defendants filed a memorandum in opposition on August 19, 2008.

I.

A.      Rule 59(e) Standard

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury.   11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored.  They are not a matter of routine practice.  Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court.  See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion.  Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982).  The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e):  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993).  The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion.  Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

B.      Rule 60(b) Standard

Rule 60(b) allows the court to reconsider its order for "any other reason justifying relief from the operation of the judgment."   The Supreme Court has held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to

2

accomplish justice.' " Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

II.

Plaintiff contends that the court erred:

(1)    in failing to find that the forum selection clause was invalid as procured by fraud;

(2)    in failing to find that the forum selection clause mandates a state forum;

(3)    in failing to accord Plaintiff's choice of a South Carolina venue great weight; and

(4)    in failing to consider any factors that weigh in favor of retaining the case in South Carolina.

As the court noted previously, the forum selection clause is enforceable under federal law and is an appropriate factor to consider in undertaking a § 1404 analysis. Contrary to Plaintiff's contentions, the court weighed all of the facts in determining whether to transfer the case to the District of Massachusetts. Mere disagreement with the court's decision is not an adequate basis to obtain relief.

Plaintiff has not established an intervening change in controlling law; new evidence, or a clear error of law. Plaintiff also has not shown any other reason justifying relief from the operation of the judgment. Plaintiff's motion to reconsider, alter, amend, and/or modify judgment (Entry 39) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
October 6, 2008.

3